# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY STEFFEY, | : | CIVIL ACTION |
|       Plaintiff, | : | |
| | : | No. 18-1182 |
| v. | : | |
| | : | |
| AGORA CYBER CHARTER SCHOOL, | : | |
| DEBORAH WEINSTEIN, and | : | |
| REGINA COUNCIL, | : | |
|       Defendants. | : | |

MCHUGH, J.                                                                                                                                                                                                                                                   December 19, 2018

## MEMORANDUM

This is a civil rights action alleging a denial of due process brought by a former volunteer member of the board of trustees of a charter school. Plaintiff Mary Steffey alleges that she was wrongfully removed from her volunteer position without notice and an opportunity to be heard and sues for damages. But the Fourteenth Amendment's guarantee of due process extends only to legally cognizable liberty and property interests. Because state law did not create such interests with respect to her volunteer position, Ms. Steffey fails to state a claim. Consequently, as discussed more fully below, I grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

### I. Factual and Procedural Background

Plaintiff Mary Steffey brings constitutional due process claims under 42 U.S.C. § 1983, asserting that Defendants deprived her of a property interest in her volunteer position as an elected member and President of the Agora Cyber Charter School's Board of Trustees without due process of law. Pl.'s Am. Compl. 1-3, ECF No. 10. She also asserts that Defendants

1

improperly deprived her of a Fourteenth Amendment liberty interest in her reputation. *Id.* at 9-10.

Defendant Agora operates a charter school under a grant of authority from the Pennsylvania Department of Education pursuant to Section 1722-A of the Charter School Law, 24 P.S. § 17-1722A(a). *Id.* at 3-4. Defendants Deborah Weinstein and Regina Council were members of the Agora Board of Trustees and served alongside Plaintiff. *Id.* at 2. Plaintiff was elected to the Board in October 2009. *Id.* at 3. She was elected President of the Board in March 2014, *id.,* and removed from the Board two years later, without what she contends was her constitutional right to notice and an opportunity to be heard. *Id.* at 5-6. Neither Plaintiff nor Defendants Weinstein and Council currently serve on the Agora Board of Trustees. *Meet the Board*, Agora Cyber Charter School, https://agora.org/meet-the-board/ (last visited Dec. 10, 2018). At the time Plaintiff served on the Board, members, including the President, served without compensation. Defs.' Mot. Dismiss, Ex. 1 (By-Laws of the Agora Cyber Charter School, ECF No. 11-2 ("The members of the Board shall serve without compensation. . . . The President shall receive no salary for his/her services.").

The Agora Board of Trustees' by-laws governed the manner in which board members were elected and removed. Pl.'s Am. Compl. 4. They state that "the term of office for trustees shall be for three years after which a trustee may be re-elected by the Board." Defs.' Mot. Dismiss, Ex. 1. The by-laws also outlined grounds for removal from the Board:

> Any trustee may be removed for failure to organize or neglect of duty or who has been convicted of a felony, or whose business, professional or other activities or interests are detrimental to the interests of the Corporation or otherwise tend to discredit the Corporation through association of such persons as a representative of the Corporation, may, upon reasonable notice, and opportunity to be heard, be removed as a trustee upon approval of such action by at least two-thirds of the other members of the Board, acting at any

2

>meeting of the Board, provided that notice of the proposed action is
>contained in the notice of the meeting.

*Id.*

Plaintiff Steffey asserts that she "had a cognizable property interest in her position as President and member of the Board of Trustees of Agora." Pl.'s Resp. Defs.' Mot. Dismiss 13, ECF No. 12. She pleads "significant harm to her reputation, to her future employment prospects as well as emotional distress." *Id.* at 14. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to state a cognizable Section 1983 claim. Defs.' Mot. Dismiss 3.

**II.  Discussion**

I consider Defendants' Fed. R. Civ. P. 12(b)(6) motion by the well-established standard set forth in that rule, as elaborated in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (internal citations and quotation marks omitted).

   A.  <u>Plaintiff Had No Property Interest in Her Volunteer Trustee Position.</u>

Property interests are not created by the Constitution but rather arise from other sources, principally state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Whether a person has a legitimate entitlement to government employment—and thus a property interest in it—is therefore also determined by looking at sources of state law such as legislation or common law. *Bishop v. Wood*, 426 U.S. 341, 345 (1976). Pennsylvania law doesn't establish an entitlement to

3

at-will paid or volunteer government positions, nor to positions on an elected school board of trustees.

The background rule in Pennsylvania is that all paid public employment is at-will and that all public employees therefore lack a legitimate entitlement to continued employment. *Elmore*, 399 F.3d 279, 282 (3d Cir. 2005) ("[A]n at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer."). In fact, public employees cannot be employed on anything but an at-will basis absent explicit enabling legislation from the Pennsylvania General Assembly—even where an employer's personnel policies state that no disciplinary action can be taken against the employee without just cause. *Id.* at 282-83; *see also Knox v. Bd. of Sch. Dirs. Of Susquenita Sch. Dist.*, 888 A.2d 640, 647-48 (Pa. 2005) (holding that absent legislative action or specified contractual terms, public employment in Pennsylvania is at will). "[O]nce a court determines that a public employee 'held [her] position at the will and pleasure of the [governmental entity],' such a finding 'necessarily establishes that [the employee] had no property interest' in the job sufficient to trigger due process concerns." *Id.* at 282 (quoting *Bishop v. Wood*, 426 U.S. at 346 n.8).

Nor do volunteers have property interests in their unpaid government positions. *See Versarge v. Twp. of Clinton N. J.*, 984 F.2d 1359, 1370 (3d Cir. 1993). The Third Circuit has held that a volunteer firefighter terminated from his position had no property interest in the voluntary position notwithstanding the nonmonetary benefits he obtained by volunteering, including training, workers' compensation, and access to the firehouse as a social area. *Id.* at 1370.

Applying these principles of Pennsylvania law here, Plaintiff Steffey had no property interest in her position on the Board of Trustees sufficient to trigger due process concerns.

4

Plaintiff concedes that she was not a paid employee of the school or the board. Even if she were, she would have no legitimate entitlement to continued employment because at-will employees—which *all* Pennsylvania employees are absent explicit enabling legislation—have none. *Elmore*, 399 F.3d at 282. Plaintiff was an unpaid member of the school board of trustees and she points to no state or local law that expressly created a tenured property interest in that volunteer position. As recognized by the Third Circuit, volunteers typically have no property interest in their unpaid government positions. *See Versarge*, 984 F.2d at 1370.

Finally, putting to one side any entitlements of elected government officials, the Pennsylvania Supreme Court has made it clear that even an elected board of trustees at a cyber charter school is *not* equivalent to an elected board of school directors. *Slippery Rock v. Cyber Charter Sch.*, 31 A.3d 657, 665 (Pa. 2011) ("[T]here is no justification for reading 'board of school directors' to include the board of trustees at the cyber charter school."). I also fail to see how the board's by-laws created an implied contract or entitlement to a spot on the volunteer board as Plaintiff suggests. The by-laws state that "the term of office for trustees shall be for three years after which a trustee *may* be re-elected by the Board." Defs.' Mot. Dismiss, Ex. 1 (By-Laws of the Agora Cyber Charter School) (emphasis added). Plaintiff had served on the Board for nearly seven years at the time of her ouster—well beyond the three-year term to which she was arguably entitled. She "may" have been re-elected to the Board per the terms of the by-laws but she was certainly not entitled to re-election. Nor do I read the by-laws as limiting ouster to specified enumerated reasons. While the by-laws do outline some grounds for removal such as neglect of duty or criminal activity, they do not explicitly limit ouster to those grounds alone. The by-laws are phrased in *mays*, not *shalls*: "a trustee *may* be reelected by the Board . . . [a]ny trustee *may* be removed for failure to organize or neglect of duty . . ." *Id.* And, in any

5

case, the Board was powerless to create a tenured position for Plaintiff even if it had so desired due to the lack of explicit legislative authority. *Elmore*, 399 F.3d at 282-83 (explaining that "[a] local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for doing so."). Admittedly, the by-laws purport to create a right of notice and hearing. Any board, for purposes of its own internal governance, can create such procedures, but to the extent that this would imply the existence of rights greater than allowed by state law, such provisions have no legal effect for Fourteenth Amendment purposes. In short, the by-laws cannot and do not override the prevailing Pennsylvania rule that employees serve at will, and cannot serve to create an enforceable implied contract for Plaintiff or any other member of the board.

Plaintiff's final claim, that her potential property interest should be considered analogous to the rights of elected public officials, also fails. As discussed above, the Pennsylvania Supreme Court has specifically held that an elected board of trustees at a cyber charter school is *not* equivalent to an elected board of school directors. *Slippery Rock*, 31 A.3d at 665. Defendants rightly point out that Plaintiff was elected by the board under the by-laws, making her a materially different kind of "elected official" than one voted on by municipal election. Plaintiff had no legal entitlement to her position on the board of trustees—not as an employee nor as a volunteer nor as an elected board member—and therefore no property interest protected by the Fourteenth Amendment.

    B. <u>Plaintiff Had No Liberty Interest in Her Volunteer Trustee Position.</u>

The Fourteenth Amendment's liberty clause protects reputation, not job tenure, though "reputation *alone* is not an interest protected by the Due Process Clause." *Versarge*, 984 F.2d at 1371 (citing *Clark v. Township of Falls,* 890 F.2d 611, 619 (3d Cir.1989); *Paul v. Davis*, 424

U.S. 693, 701-712 (1976)) (emphasis added). To state a due process claim for reputational harm, some stigma to reputation *plus* deprivation of some additional right or interest is necessary. *Hill*, 455 F.3d at 236 (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). This rule is commonly referred to as the "stigma-plus" test. *Id*.

In the context of public employment, "the 'stigma-plus' test has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a protected liberty interest." *Hill*, 455 F.3d at 236 (quoting *Codd v. Velger*, 429 U.S. 624, 628 (1977)). "When such a deprivation occurs, the employee is entitled to a name-clearing hearing." *Hill*, 455 F.3d at 236; *see also Roth*, 408 U.S. at 573 n.12 ("The purpose of such notice and hearing is to provide the person an opportunity to clear his name.").

But in the volunteer context, there is no liberty interest where the plaintiff has failed to show that her "future employment opportunities have been adversely affected by [her] expulsion." *Versarge*, 984 F.2d at 1371. That is so because "[i]t stretches the concept too far to suggest that a person is deprived of 'liberty' when he . . . remains as free as before to seek another [job]." *Roth*, 408 U.S. at 575.

Assuming for the sake of discussion that Ms. Steffey was the school's employee and not a volunteer, she has properly alleged that Defendants created a false and defamatory impression of her in connection with her ouster from the Board of Trustees. She claims that Defendants launched "a campaign of malicious slurs and innuendo" against her and made "false and defamatory statements to parents, teachers, other administrators and to officials of the Pennsylvania Department of Education accusing Steffey of misconduct, misfeasance and malfeasance in connection with her duties as a member of, and President of, the Board of

7

Trustees of Agora." Pl.'s Am. Compl. 3. She also claims that removing her from the Board implied that she neglected her duty, was convicted of a felony, or had interests detrimental to the Cyber Charter School. *Id.* at 10.

But Plaintiff was a volunteer and her allegation regarding injury to her future employment prospects is too conclusory to meet the "stigma-plus test" and survive a motion to dismiss. It is not enough to set forth the elements of a cause of action; facts are required. *Fowler*, 578 F.3d at 210. Plaintiff simply asserts "harm . . . to her future employment prospects." Pl.'s Resp. Defs.' Mot. Dismiss 14. Because she alleges no specific injury to her future employment prospects, she fails to meet the "stigma-plus test" for a liberty interest. *Versarge*, 984 F.2d at 1371. Nor do I find it plausible, in the absence of any specific allegations, that Plaintiff's ouster from a volunteer position on a school board of trustees would affect her ability to seek or maintain paid employment. I therefore do not attach weight to her formulaic recitation of the elements of a due process cause of action. And because Plaintiff also lacked a property interest in her volunteer position on the Agora Cyber Charter School's Board of Trustees, she was not due any particular type of notice or opportunity to be heard before she was expulsed.

Furthermore, Plaintiff's right to recover damages is unclear. The Supreme Court has noted that damage to reputation alone is best vindicated with a state defamation claim. *See Paul v. Davis,* 424 U.S. 693 (1976). And the Third Circuit has not yet decided whether the deprivation of a protected liberty interest entitles a plaintiff to anything more than a name-clearing hearing. *See Hill*, 455 F.3d at 236. For that matter, it is unclear what a hearing would accomplish. The conduct complained of took place nearly three years ago and apparently the Board of Trustees has since been entirely reconstituted.

**III. Conclusion**

For the foregoing reasons, I grant Defendants' Motion to Dismiss.  An appropriate Order follows.

    /s/ Gerald Austin McHugh
United States District Judge
